[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11274
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-04044-LMM

LABMD, INC.,

Plaintiff - Appellant,

versus

TIVERSA, INC.,
a Pennsylvania Corporation,

Defendants - Appellees,

M. ERIC JOHNSON, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 7, 2017)

Before JORDAN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

LabMD, Inc. appeals the district court's orders denying LabMD's motion for post-judgment relief -- filed pursuant to Fed. R. Civ. P. 60(d)(3) -- and denying in part LabMD's motion for post-judgment discovery. No reversible error has been shown; we affirm.

## I. Background

Tiversa, Inc. is a company that monitors global peer-to-peer network searches and provides peer-to-peer intelligence and security services. In 2008, Tiversa downloaded a 1,718-page document (the "1,718 File") that had been created and stored on a LabMD computer and that contained patient social security numbers, insurance information, and treatment codes. Tiversa notified LabMD that it had discovered the 1,718 File on a peer-to-peer file sharing network and then attempted to solicit LabMD's business.

2

In 2011, LabMD (a Georgia corporation) filed this lawsuit against Tiversa[1] (a Pennsylvania corporation) in the Superior Court of Fulton County, Georgia. LabMD asserted claims for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and of Georgia law. The case was removed to federal court. The District Court for the Northern District of Georgia dismissed the case without prejudice, concluding that -- based on Tiversa's limited contacts with Georgia -- the court lacked personal jurisdiction over Tiversa under Georgia's long-arm statute, O.C.G.A. § 9-10-91. We affirmed the dismissal on appeal. LabMD, Inc. v. Tiversa, Inc., 509 F. App'x 842 (11th Cir. 2013) (unpublished).

In 2016, LabMD filed a Rule 60(d)(3) motion for post-judgment relief, contending that Tiversa committed fraud on the court. Briefly stated, LabMD asserted that -- in support of Tiversa's motion to dismiss LabMD's complaint -- Tiversa and Tiversa's lawyers made knowingly false statements about Tiversa's contacts with Georgia and about the circumstances surrounding the downloading of the 1,718 File. LabMD also sought post-judgment discovery to obtain additional evidence in support of its Rule 60(d)(3) motion.

In a thorough and detailed order, the district court denied LabMD's Rule 60(d)(3) motion with a right to refile. The district court determined that "[t]o prove fraud on the court, LabMD must show that Tiversa's counsel knew that the

---

[1] LabMD also named as defendants Trustees of Dartmouth College and M. Eric Johnson. In an earlier order, this Court dismissed those defendants as parties to this appeal.

3

[complained-of statements] were false." (emphasis in original).  Because LabMD

failed to show by clear and convincing evidence that an "officer of the court" was

involved in the alleged fraud, the court concluded that LabMD was entitled to no

Rule 60(d)(3) relief.

The district court did, however, grant in part LabMD's motion for limited

discovery: the court permitted LabMD to serve ten interrogatories on Tiversa's

counsel-of-record, John Hansberry.  In doing so, the court noted LabMD's

assertion that discovery was needed "to determine whether Mr. Hansberry had

actual knowledge of Tiversa's contacts with Georgia."  Later, in response to a

dispute between the parties about discovery, the district court ordered Mr.

Hansberry to respond without objection to three of the ten original interrogatory

questions.  The district court clarified again that discovery was to be limited to

determining "whether or not Mr. Hansberry had made representations concerning

Tiversa's contacts with Georgia that were intentionally false, or, at the very least,

willfully blind to the truth or in reckless disregard of the truth."

LabMD moved for reconsideration of the district court's rulings.  The

district court denied relief.[2]

---

[2] LabMD raises no challenge on appeal to the district court's denial of LabMD's motion for
reconsideration.

## II.  Standard of Review

We review the denial of a Rule 60(d)(3) motion under an abuse-of-discretion standard.  Booker v. Dugger, 825 F.2d 281, 285 (11th Cir. 1987).  And we review for abuse of discretion decisions about discovery.  Harrison v. Culliver, 746 F.3d 1288, 1297 (11th Cir. 2014).  "[U]nder the abuse of discretion standard, we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."  Id.

## III.  Discussion

Under Rule 60(d)(3), a district court can "set aside a judgment for fraud on the court."  See Fed. R. Civ. P. 60(d)(3).  "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which the attorney is implicated, will constitute a fraud on the court."  Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (emphasis added) (quotation omitted).  "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court."  Id.

(quotation omitted).  The party seeking relief under Rule 60(d)(3) must establish

fraud "by clear and convincing evidence."  Booker, 825 F.2d at 283.

The district court has broad discretion in making rulings about discovery.

Iraola & CIA., S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1286 (11th Cir.

2003).  When "it appears that further discovery would not be helpful in resolving

the issues, a request for further discovery is properly denied."  Avirgan v. Hull,

932 F.2d 1572, 1580-81 (11th Cir. 1991) (concluding the district court abused no

discretion in imposing restrictions on discovery when the court's ruling permitted

discovery on the dispositive issue in the case); Aviation Specialties, Inc. v. United

Technologies Corp., 568 F.2d 1186, 1190 (5th Cir. 1978) ("When the record

becomes clear enough to disclose that further discovery is not needed to develop

significant aspects of the case . . . discovery should be ended.").  Further, "we will

not overturn discovery rulings unless it is shown that the District Court's ruling

resulted in substantial harm to the appellant's case."  Harrison, 746 F.3d at 1297.

Here, the district court determined properly that to prove fraud on the court,

LabMD had to show that Tiversa's lawyer knew that statements made to the court

about Tiversa's contacts with Georgia were false.  The only attorney-of-record in

this case was Mr. Hansberry.  And LabMD has failed to show that another lawyer

6

was involved in Tiversa's representation.[3]  The district court, thus, limited post-judgment discovery to the pertinent issue before it: whether Mr. Hansberry had actual knowledge of Tiversa's contacts with Georgia and mispresented intentionally that information to the court.

Given the circumstances of this case, we cannot say that the district court committed a clear error of judgment in limiting the scope of LabMD's post-judgment discovery.  The district court's ruling permitted discovery about the dispositive issue in the case.  And the additional discovery requested by LabMD would not have been helpful in resolving that dispositive issue.  As a result, LabMD cannot show that the district court's ruling resulted in substantial harm.  LabMD has demonstrated no abuse of discretion.

On appeal, LabMD concedes that it cannot demonstrate -- with clear and convincing evidence -- that Tiversa committed fraud on the court.  LabMD argues only that the district court denied prematurely its Rule 60(d)(3) motion without

---

[3] LabMD contends that Eric Kline, one of Mr. Hansberry's law partners, also acted as Tiversa's lawyer in this case.  The evidence LabMD relies on in support of its position is a statement -- made in 2014 by Tiversa's current lawyer (Mr. Shaw) -- during a hearing in a separate case in the Western District of Pennsylvania.  There, in response to a question from the court, Mr. Shaw said that both Mr. Kline and Mr. Hansberry represented Tiversa in this case.  Mr. Shaw now says that his 2014 statement was incorrect.  Moreover, nothing evidences that Mr. Shaw ever worked at the same law firm as Mr. Kline and Mr. Hansberry (not a partner or an associate of Kline or Hansberry) or that Mr. Shaw had involvement with this case during the pertinent time: in 2011 and 2012.  The district judge determined that Mr. Shaw's 2014 statement did not persuade her that Mr. Kline in fact participated in this case or had otherwise acted as an officer of the court.  LabMD has failed to show on appeal that the district court's factual determination about Mr. Kline's lack of participation in this case was clearly erroneous.  We also reject LabMD's assertion that this statement constitutes a binding judicial admission on Tiversa in this case.

first permitting additional discovery.  Because we have determined that the district court abused no discretion in limiting the scope of discovery, LabMD can show no abuse of discretion in the district court's denial of its Rule 60(d)(3) motion.

AFFIRMED.